IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., | No. CIV. S-05-0384 WBS JFM |
| Plaintiff, | AMENDED[1] |
| v. | FINDINGS AND RECOMMENDATIONS |
| HAI PHUC NGUYEN,[2] et al., | |
| Defendants. | |

This matter came before the court on November 17, 2005, for hearing on plaintiff's motion for entry of default judgment against defendant Antoine Sandifer. Thomas P. Riley appeared on behalf of plaintiff. There was no appearance on behalf of defendant Sandifer. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. Background[3]

Plaintiff, a California corporation, is an international distributor of sports and entertainment programming. Plaintiff, by contract, purchased the territorial rights to broadcast the

---

[1] The November 29, 2005 findings and recommendations are herein amended to correct a typographical error contained in the recitation of costs section.

[2] On July 6, 2005, defendant Nguyen was dismissed from this action.

[3] This information is derived from plaintiff's motion for default judgment, supporting papers, and complaint on file herein.

1

*Oscar De La Hoya v. Shane Mosley II Super Welterweight Championship Fight Program* of September 13, 2003, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Program"). Thereafter plaintiff entered into sublicensing agreements with various commercial entities throughout North America, by which it granted limited public exhibition rights to these entities for the benefit and entertainment of the patrons within its respective establishments (i.e., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs, etc.)

The transmission of the Program was encrypted and made available only to plaintiff's customers, commercial locations which paid plaintiff the requisite closed-circuit license fees in order to have authorization to view the broadcast of the program.

On February 28, 2005, plaintiff filed this action alleging that defendant unlawfully intercepted and intentionally broadcast the program at defendant's establishment for the purpose of direct or indirect commercial advantage. In Count I of the complaint, plaintiff alleges unauthorized publication or use of communications in violation of the Federal Communications Act of 1934 (the "Communications Act"), 47 U.S.C. § 605, et seq.[4] (Complaint at 3.) In Count II of the complaint, plaintiff alleges unauthorized interception, exhibition, publication and divulgence of the Program at the defendant's establishment, 47 U.S.C. § 553, et seq.[5] (Complaint at 5.) In Count III of the Complaint, plaintiff alleges a common law claim of conversion. (Complaint at 6.)

II. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United

---

[4] Title 47 U.S.C. § 605, et seq., prohibits the unauthorized use of wire or radio communications, including interception and broadcast of pirated cable or broadcast programming.

[5] Title 47 U.S.C. § 553, et seq., prohibits the unauthorized interception or receipt, or assistance in the intercepting or receiving, of cable service.

1  Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915,

2  917 (9th Cir. 1987).  It is improper for the court to consider liability issues without first providing

3  notice to plaintiff that the merits will be addressed.  Black v. Lane, 22 F.3d 1395, 1398 (7th Cir. 1994).

4  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the

5  documentary evidence or in detailed affidavits), judgment by default may be entered without a damages

6  hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require

7  "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also

8  James v. Frame,  6 F.3d 307, 310 (5th Cir. 1993).

9           Granting or denying default judgment is within the court's sound discretion, see Draper

10 v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a

11 variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

12 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

17 Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

18          The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial

19 establishments from intercepting and broadcasting to its patrons satellite cable programming.  See

20 That's Entertainment, Inc. v. J.P.T., Inc., 843 F.Supp. 995, 998 (D.Md.1993).  The Act allows an

21 aggrieved party to bring a civil action in federal district court and permits that party to elect an award

22 of either statutory or actual damages.  See 47 U.S .C. § 605(e)(3)(C)(I).  The statute allows the court to

23 award between $1,000 and $10,000 for each violation of section 605 as it considers just.  See 47 U.S.C.

24 § 605(e)(3)(C)(i)(II).  The statute allows the court to increase its award by not more than $100,000

25 when the violation has been "committed willfully and for purposes of direct or indirect commercial

26 advantage or private financial gain."  47 U.S .C. § 605(e)(3)(C)(ii).

The Federal Cable Communications Policy Act, amended by the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, prohibits the unauthorized reception or interception of communications offered over a cable system. Like section 605, section 553 creates a civil cause of action for an aggrieved party, and permits the plaintiff to choose between actual and statutory damages. See 47 U.S.C. § 553(c)(3)(A). The Court may award between $250.00 and $10,000.00 as it considers just. See 47 U.S.C. § 553(c)(3)(A)(ii). The statute also gives the Court discretion to increase the damages award by not more than $50,000.00 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B).

III.  Analysis

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendant is appropriate. Defendant has made no showing that his failure to defend was due to excusable neglect. The complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiff seeks only statutory damages, not the recovery of lost profits or actual damages. There also is no apparent possibility of a dispute concerning the material facts underlying the action.

With respect to the merits of plaintiff's substantive claims, plaintiff seeks default judgment against defendant Sandifer on alleged violations of 47 U.S.C. § 605(a) (unauthorized reception of satellite signals) and 47 U.S.C. § 553 (unauthorized reception of cable service) and for conversion. Courts have consistently recognized a private cause of action to enforce 47 U.S.C. § 605 for the type of conduct alleged in the complaint. See, e.g., Prostar v. Massachi, 239 F.3d 669, 674 n.32 (5th Cir. 2001); International Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993). Courts have similarly recognized a private cause of action to enforce 47 U.S.C. § 553. See, e.g., Don King Productions/Kingvision v. Lovato, 911 F.Supp. 419 (9th Cir. 1995); King Vision Pay-Per-View Ltd. v. Spice Restaurant & Lounge, Inc., 244 F.Supp.2d 1173 (D.Kan. 2003). Accordingly, the court finds that

/////

there is no reason to doubt the merits of the substantive claims on which plaintiff seeks default judgment.

Because the relevant factors weigh in plaintiff's favor, the court, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted. Upon determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. The amount of statutory damages to be awarded is left to the discretion of the court. § 553(c)(2)(C); § 605(e)(3)(C)(i)(II); Time Warner Cable of New York City v. Olmo, 977 F.Supp. 585, 589 (E.D.N.Y.1997).

The Court of Appeals for the Ninth Circuit has not decided whether plaintiffs confronting defendants who have violated both section 605 and section 553 are entitled to cumulative damages under both statutes.

The Court of Appeals for the Second Circuit has concluded that the district court should impose damages under section 605 rather than impose the lesser damages available under section 553. International Cablevision v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993). This court finds the Second Circuit's rationale to be persuasive based on its review of the legislative history. Id. Other courts, particularly courts in the Northern District of California, have drawn the same conclusion. See Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215 (N.D. Cal.); Don King Prods. v. Maldonado, 1996 WL 682006 (N.D. Cal.).

In the instant case, there is a lack of evidence showing the advantage granted defendant based on his failure to properly access the Program. Plaintiff has provided a declaration stating that defendant's establishment was observed to have ten patrons during the Program, and no cover charge was required for admission. However, there is no indication that defendant is an egregious violator. On the other hand, the allegations of the complaint do establish that defendant improperly accessed the Program. Such conduct cannot be ignored and likely resulted in some commercial loss to plaintiff, however uncertain. Further, some award of statutory damages will likely serve to deter others from accessing these types of programs without proper authorization. While an award of $100,000.00 under

both code sections would be exorbitant, the court finds that a statutory award of $1,000.00 as allowed by the provisions of 47 U.S.C. § 605(e)(3)(C)(II) would be just, particularly when combined with the mandatory attorneys' fees and costs. Such an award is commensurate with awards imposed in other jurisdictions. Kingvision Pay Per View, Ltd. v. Ortega, 2002 WL 31855367 (N.D. Cal. 2002)($1,000 in damages); Universal Sports Network, Inc. v. Jimenez, 2002 WL 31109707 (N.D. Cal. 2002)(soccer game; statutory minimum awarded), citing Kingvision Pay-Per-View v. Rivers, 2000 WL 356378, *3 (N.D.Cal.2000)(boxing match; 10-12 patrons, no cover charge, statutory minimum awarded against defendant Fine Cigars); Kingvision Pay-Per-View v. Backman, 102 F.Supp.2d 1196, 1197 n.1 (N.D.Cal.2000)(boxing match; 16 patrons, no cover charges, statutory minimum awarded); Kingvision v. De Miguel, 1999 WL 1012322 (boxing match, 61 patrons, statutory minimum awarded).

Plaintiff urges the assessment of maximum enhanced statutory damages in order to deter defendant and others like him from intercepting broadcasts in the future. However, "[i]n the absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight," the undersigned will not recommend an award of the statutory maximum in damages. Don King Prods. v. Maldonado, 1998 WL 879683 (N.D.Cal.) (citing Joe Hand Promotions v. Burg's Lounge, 955 F.Supp. 42, 44 (E.D.Pa.1997)). "The mere assertion that defendants acted willfully is insufficient to justify enhanced damages." Kingvision Pay-Per-View Ltd. v. Beckman, 102 F.Supp. 1196, 1198 (N.D.Cal. 2000). This court does not find sufficient factual support to recommend enhancement of damages under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff alleges one isolated violation; there is no evidence of repeat violations. There is no allegation that defendant advertised or charged admission to the Program. In this case, there is no evidence of significant commercial advantage or private financial gain.

Although plaintiff argues that the defendant gained advantage by not charging an admission fee, the lack of a cover charge can also be viewed as lack of willfulness on defendant's part:

> The statute specifically targets only those offenders who willfully seek to gain a commercial or personal advantage from its piracy. An establishment that does not promote itself by advertising the Program,

>does not assess a cover charge, and does not charge a special premium for food and drinks hardly seems like the willful perpetrators envisioned by the statute's framers.

Kingvision Pay-Per-View, Ltd. v. Backman, 102 F.Supp.2d 1196, 1198, n.2 (N.D. Cal. 2000).

Therefore, the undersigned will recommend that the court award plaintiff the minimum statutory damages of $1,000.00 under 47 U.S.C. § 605(e)(3)(C)(II) for defendant's violation of 47 U.S.C. § 605(a), and decline to recommend damages under 47 U.S.C. § 553 or enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii).

As for plaintiff's claim for damages for conversion, plaintiff did not address this claim in its memorandum of points and authorities in support of its application for default judgment, failed to sufficiently outline the elements of a California state law conversion claim and failed to demonstrate the actual value of the property which defendant allegedly converted. Krueger v. Bank of America, 145 Cal.App.3d 204, 215 (1983)(damages for conversion must be based on the value of the property at the time of the conversion). In addition, plaintiff has failed to demonstrate that this case presents unusual or particularly egregious circumstances sufficient to justify further award of damages beyond the statutory damages recommended. This court will recommend that this claim be denied.

IV. Attorneys Fees

Plaintiff seeks an award of $2,500.00 in attorneys fees. Plaintiff also requests reimbursement of $641.00 in costs:

| | |
|---|---|
| Filing Fees | $250.00 |
| Service of Process Fees | $ 66.00 |
| Investigative Costs | $325.00 |
| Total Costs | $641.00 |

The court finds the attorneys fee request to be reasonable and will recommend plaintiff be awarded said fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii).

/////

/////

/////

7

V.  Conclusion

      Accordingly, for the reasons stated above, the court HEREBY RECOMMENDS that:

      1. The court enter judgment against defendant Antoine Sandifer on plaintiff's claims pursuant to 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a);

      2. The court award no damages for defendant Sandifer's violation of 47 U.S.C. § 553(a), but award $1,000.00 damages, plus plaintiff's reasonable attorneys' fees in the amount of $2,500.00 and costs in the amount of $641.00, for defendant Sandifer's violation of 47 U.S.C. § 605(a).

      These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 17, 2006.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

001;gardencity.defr